# UNITED STATES DISTRICT COURT
# IN THE WESTERN DISTRICT OF MICHIGAN

SABRINA CAIN,

    *Plaintiff,*

v.

SERGEANT RONALD LEGGITT
individually and officially; DEPUTY
JOHN/JANE DOE #1 *et al.*, individually
and officially; and HILLSDALE COUNTY,

    *Defendants*.

Case No.

Hon.

---

VERNON R. JOHNSON (P39219)
THOMAS W. WAUN (P34224)
AYANNA D. HATCHETT (P70055)
CARLYE T. REYNOLDS (P85970)
VEN JOHNSON LAW, PLC
Attorneys for Plaintiff
535 Griswold St., Ste. 2600
Detroit, MI 48226
(313) 324-8300/(313) 324-8301 Fax
vjohnson@venjohnsonlaw.com
twaun@venjohnsonlaw.com
ahatchett@venjohnsonlaw.com
creynolds@venjohnsonlaw.com

---

## **COMPLAINT & DEMAND FOR JURY TRIAL**

*There are no other pending or resolved civil*
*actions arising out of the same transaction*
*or occurrence as alleged in this Complaint.*

NOW COMES Plaintiff, Sabrina Cain, by and through her counsel, VEN JOHNSON LAW, PLC, and for her Complaint against the above-identified Defendants states as follows:

### JURISDICTION, VENUE, & PARTIES

1. This action arises under the United States Constitution and the laws of the United States, and 42 U.S.C. §§ 1983 and 1988, and under the statutes and common law of the State of Michigan.

2. This court has original jurisdiction over the claims raised in this action under 28 U.S.C. § 1331.

3. The events that gave rise to this lawsuit took place in Hillsdale County, Michigan, which is in the Western District of the State of Michigan.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the County of Hillsdale is in the Western District of Michigan, the individual Defendants are employees of the Hillsdale County Sheriff's Office, and the events that give rise to this lawsuit took place in Hillsdale County, Michigan.

5. At all times relevant herein, Plaintiff Sabrina Cain ("Sabrina") was a resident of Hillsdale County, in the State of Michigan.

6. At all times relevant herein, Defendant Sergeant Ronald Leggitt ("Sergeant Leggitt") was employed by Hillsdale County Sheriff's Office and was

acting under the color of state law and in accordance with the accepted policies and customs of Hillsdale County.

7. Defendant Deputy John/Jane Doe #1, *et al.* ("Defendant Deputies"), were employed by Hillsdale County Sheriff's Office and were acting under the color of state law and in accordance with the accepted policies and customs of Hillsdale County. The identities and exact number of Defendant Deputies involved in the incidents described herein are currently unknown. Plaintiff is concurrently filing an Ex Parte Motion with the filing of this Complaint, requesting to compel such information.

8. Each Defendant Deputy, including Sergeant Leggitt, is being sued in their individual and official capacities.

9. Defendant Hillsdale County is a political subdivision of the State of Michigan and enacted the complained of policies the individually identified Defendants followed as outlined herein.

10. At all times relevant herein, Defendant Hillsdale County had an obligation to enact and enforce lawful and constitutional policies, procedures, protocols, and customs for all employees, agents, and/or contractors, to follow, particularly those who are considered to be law enforcement, such as the individually identified Defendants. Further, Defendant Hillsdale County had the affirmative duty to train and supervise all employees, agents, and/or contractors, including the

individually identified Defendants, specifically to ensure that people, such as Sabrina, do not have their rights violated by people, such as the individually identified Defendants.

11. All material facts giving rise to this litigation took place in the County of Hillsdale, State of Michigan.

12. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest, and attorney fees.

## FACTUAL BACKGROUND

13. Plaintiff reasserts and incorporates each of the above allegations, as though fully stated herein.

14. On or about December 16, 2021, Sabrina experienced a mental health crisis and called her mother, who contacted the police to request a welfare check on Sabrina.

15. At that time, Sabrina had been drinking and was experiencing a mental health crisis that included suicidal thoughts.

16. Emergency Medical Services (EMS) and Michigan State Police (MSP) arrived at Sabrina's residence.

17. Sabrina refused to accompany EMS personnel, and an argument ensued between Sabrina and her mother.

4

18. MSP arrested Sabrina on charges related to domestic violence and transported her to Hillsdale County Jail for booking.

19. Upon arrival at Hillsdale County Jail, Sabrina was surrounded by an unknown number of deputies, including Sergeant Leggitt, and escorted to a different area of the jail for booking.

20. During this time, Sergeant Leggitt held Sabrina down and maced her for the first of at least six (6) total times. Sergeant Leggitt then grabbed Sabrina by the hair and maced her a second time.

21. Defendant Deputies were present at the scene and assisted Sergeant Leggitt, unnecessarily restraining Sabrina to the ground while Sergeant Leggitt maced her.

22. Sabrina was subsequently placed in a cell, crying and screaming as she continued experiencing a mental health crisis and struggling with suicidal thoughts.

23. Sabrina was later permitted to make a phone call to the Lifeways Suicidal Hotline (LSH).

24. Upon information and belief, the LSH representative advised that Sabrina should be admitted to a hospital.

25. Despite requests by both Sabrina and the LSH representative for medical attention and medication, Sabrina was neither seen by a medical professional nor provided any medication.

26. Instead, Sabrina was placed back in a cell and further traumatized.

27. Thereafter, Sergeant Leggitt restrained Sabrina to a chair and proceeded to mace her multiple times.

28. Due to the painful effects of the chemical spray on Sabrina's skin, Sergeant Leggitt and at least one deputy escorted Sabrina to a shower where they rinsed her with water while she remained fully clothed.

29. Upon information and belief, while showering Sabrina, Sergeant Leggitt pushed Sabrina into the shower wall and again maced her.

30. At some point, Sabrina was stripped of her clothing.

31. Thereafter, Sabrina, still stripped of her clothing, was secured to the restraint chair for a second time.

32. Again, Sergeant Leggitt maced Sabrina multiple times while she was restrained to the chair.

33. Sabrina was later placed in a restraining jacket.

34. While Sabrina was lying on a cement pad inside the cell, still wearing only the restraining jacket, a deputy walked by, knocked on the cell door, and commented that Sabrina's "ass is hanging out."

35. Throughout Sergeant Leggitt's interactions with Sabrina, he repeatedly taunted Sabrina, physically and verbally, laughing and making statements such as, "it hurts, doesn't it?"

36. Sergeant Leggitt later came into Sabrina's cell, grabbed her ankles, and proceeded to pull her out of the cell by her ankles.

37. Sabrina was held for approximately twenty-four (24) hours at Hillsdale County Jail, at which time Sabrina was transported to Hillsdale Hospital and, from there, transferred to Havenwyck Hospital.

38. Sabrina remained inpatient at Havenwyck Hospital for a period of approximately nine (9) days.

39. There was absolutely no need for Sergeant Leggitt to forcefully throw Sabrina to the ground, push her into a shower wall, strip her of all clothing, restrain her to a chair, and, among other acts, mace her a minimum of six (6) times. Notwithstanding, he did so anyway.

40. There was absolutely no need for Defendant Deputies to forcefully hold Sabrina to the ground while Sergeant Leggitt repeatedly maced her. Notwithstanding, they did so anyway.

41. There is a custom in Hillsdale County to unnecessarily restrain and use excessive force upon anyone who does anything that any deputy perceives as resisting a deputy's authority.

42. From the time the Defendant Deputies held Sabrina to the ground as Sergeant Leggitt maced Sabrina, to the time Sabrina was transported to the hospital,

it was abundantly clear Sabrina did not pose a security threat to the jail or the individually identified Defendants.

43. On or about March 5, 2024, the Michigan Department of Attorney General charged Sergeant Leggitt with seven (7) felonies related directly to the conduct described herein. Such charges against Sergeant Leggitt include six (6) charges of Assault with a Dangerous Weapon.

44. On or about July 17, 2024, Sergeant Leggitt was bound over to the 1st Judicial Circuit Court, where all charges against him remain pending.

## COUNT I:
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### Fourth & Fourteenth Amendments – Excessive Force
*(Against Defendant Sergeant Leggitt)*

45. Plaintiff reasserts and incorporates each of the above allegations, as though fully stated herein.

46. At all times relevant herein, Sabrina had a clearly established legal right, pursuant to the Fourth and Fourteenth Amendments of the United States Constitution, to be free from excessive force, including but not limited to the right to not be thrown down, stripped, and maced at a minimum of six (6) times.

47. At all times relevant herein, as a law enforcement officer acting under color of law, Sergeant Leggitt was required to obey the laws of the United States.

48. Sergeant Leggitt intentionally, knowingly, maliciously, recklessly, unreasonably, deliberately, wantonly, sadistically, purposely, purposefully, and/or

8

grossly negligently threw, pushed, stripped, restrained, and maced Sabrina without lawful basis.

49. The aforementioned acts deprived Sabrina of the rights, privileges, and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

50. As a proximate result of the illegal and unconstitutional acts of the Defendants, Sabrina was harmed and suffered damages, which are described in further detail below.

## COUNT II:
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### Fourth & Fourteenth Amendments – Failure to Intervene
*(Against Defendant Deputies)*

51. Plaintiff reasserts and incorporates each of the above allegations, as though fully stated herein.

52. Defendant Deputies had a duty to intervene when Sergeant Leggitt was engaging in the infliction of excessive force upon Sabrina.

53. Each of the Defendant Deputies was present at the scene and had the ability, opportunity, and obligation to prevent Sergeant Leggitt's unlawful actions.

54. Defendant Deputies were acting with deliberate indifference, recklessness, gross negligence, intent, and/or knowledge to the above-described acts

being inflicted upon Sabrina, and, as such, were the proximate cause of the injuries and harm suffered by Sabrina.

55. Defendant Deputies' foregoing conduct itself amounted to a constitutional violation of Sabrina's rights under the Fourth Amendment to the United States Constitution.

56. As a direct and proximate result of Defendant Deputies' willful violation of Sabrina's constitutionally protected rights, Sabrina suffered damages, which are described in further detail below.

## COUNT III:
## MUNICIPAL LIABILITY
### (*Against Defendant Hillsdale County*)

57. Plaintiff reasserts and incorporates each of the above allegations, as though fully stated herein.

58. A municipality is liable under 42 U.S.C. § 1983 if the alleged violations are attributable to its own policies, practices, and customs.

59. Lack of training or discipline can constitute a policy for *Monell* purposes.

60. At all times relevant to this Complaint, Defendant Hillsdale County acted with deliberate indifference to Sabrina's Constitutional rights by maintaining policies, practices, and customs that condoned and fostered the conduct of Sergeant Leggitt and Defendant Deputies.

61. Specifically, Defendant Hillsdale County has had a longtime unwritten policy in allowing sergeants and deputies to unnecessarily restrain, mace, strip, and injure inmates at the Hillsdale County Jail, absent any discipline and/or ramifications towards the sergeants and deputies who engage in such misconduct. Thus, the message is sent to the sergeants and deputies, loudly and clearly, that the County allows such actions.

62. In the alternative, at all times relevant herein, Defendant Hillsdale County did not in fact have such an explicit policy but failed to properly train and supervise its sergeants and deputies on the proper standard and procedure for arresting, processing, and interacting with inmates, thereby demonstrating deliberate indifference to Sabrina's rights.

63. At all times relevant herein, the damages and injuries of which Sabrina complains were directly and proximately caused by the policies, practices, and /or customs developed, implemented, enforced, encouraged, and sanctioned by Defendant Hillsdale County, including the failure:

   a. To adequately supervise and train its sergeants, deputies, and/or agents, including the individually identified Defendants, on the proper standard to process and interact with individuals while in-custody, the proper use of force in any given case and/or situation, thereby failing to adequately discourage further Constitutional violations by its sergeants, deputies, and/or agents; and

   b. To properly and adequately monitor and discipline its sergeants, deputies, and/or agents, including the individually identified Defendants.

64. Defendant Hillsdale County's failure to adequately supervise and train its sergeants, deputies, and/or actors caused Sergeant Leggitt and Defendant Deputies to violate Sabrina's Constitutional rights, as described herein.

65. Defendant Hillsdale County has long acted with deliberate indifference to the constitutional rights of Sabrina and many others. As a direct and proximate result of the acts, as stated herein, by each of the Defendants, Sabrina's constitutional rights have been violated.

66. As a proximate result of Defendants' illegal and unconstitutional acts, Sabrina suffered damages, which are described in further detail below.

## COUNT IV:
## STATE LAW ACTION
### Assault and Battery
*(Against Defendant Sergeant Leggitt and Defendant Deputies)*

67. Plaintiff reasserts and incorporates each of the above allegations, as though fully stated herein.

68. Seargeant Leggitt threw Sabrina to the ground, pushed her into a shower wall, stripped her of all clothing, restrained her to a chair, and maced her a minimum of six (6) times. In so doing, he committed an intentional, unlawful threat to do bodily injury to Sabrina by force, under circumstances that created a well-founded fear of imminent peril, since the individually identified Defendants clearly had the ability to continue mercilessly causing harm to Sabrina.

69. Defendant Deputies, on at least one occasion, held Sabrina to the ground while Sergeant Leggitt maced her. In so doing, they committed an intentional, unlawful threat to do bodily injury to Sabrina by force, under circumstances that created a well-founded fear of imminent peril, since the individually identified Defendants clearly had the ability to continue mercilessly causing harm to Sabrina

70. Further, in so doing, Sergeant Leggitt and Defendant Deputies committed a willful or intentional touching of Plaintiff against her will.

71. As a proximate result of the illegal acts of Sergeant Leggitt and Defendant Deputies, Sabrina was harmed and suffered damages, which are described in further detail below.

**COUNT V:**
**STATE LAW ACTION**
**Intentional Infliction of Emotional Distress**
*(Against Defendant Sergeant Leggitt and Defendant Deputies)*

72. Plaintiff reasserts and incorporates each of the above allegations, as though fully stated herein.

73. The conduct of Sergeant Leggitt herein described, including throwing Sabrina to the ground, taunting and stripping her, and macing her at a minimum of six (6) times, was extreme and outrageous.

74. The conduct of Defendant Deputies herein described, including holding Sabrina to the ground while Sergeant Leggitt maced her, was extreme and outrageous.

75. Further, the actions of Sergeant Leggitt and Defendant Deputies, as described herein, were intentional or reckless.

76. As a result of the actions and inactions of Sergeant Leggitt and Defendant Deputies herein described, Sabrina has suffered severe emotional distress.

77. As a result of the conduct of Sergeant Leggitt and Defendant Deputies, Sabrina was unlawfully and unnecessarily harmed and suffered damages, which are described in further detail below.

### COUNT VI:
### STATE LAW ACTION
### Gross Negligence & Willful and Wanton Misconduct
*(Against Defendant Sergeant Leggitt and Defendant Deputies)*

78. Plaintiff reasserts and incorporates each of the above allegations, as though fully stated herein.

79. Sergeant Leggitt and Defendant Deputies owed Sabrina a duty to act legally and reasonably and to avoid the use of unnecessary and/or excessive force.

80. Sergeant Leggitt and Defendant Deputies were grossly negligent and breached these duties to Sabrina.

81. Sergeant Leggitt and Defendant Deputies breached their duties to Sabrina in a number of ways, including but not limited to the following:

    a. Excessive and inexcusable use of force in throwing Sabrina to the ground, pushing her into a shower wall, stripping her of all clothing, restraining her to a chair, and holding her to the ground while she was being maced;

    b. Excessive and inexcusable use of mace;

    c. Failure to stop the use of excessive force; and

    d. Any additional acts and/or failures determined throughout the process of discovery.

82. The actions of Sergeant Leggitt and Defendant Deputies demonstrated a reckless disregard of their legal duties as well as a substantial lack of concern for whether injury would result from their actions.

83. Likewise, the actions of Sergeant Leggitt and Defendant Deputies were willful and wanton as they demonstrated a malicious risk of harm and an indifference to the consequences of their actions.

84. As the direct and proximate result of the gross negligence and/or willful and wanton misconduct of Sergeant Leggitt and Defendant Deputies, Sabrina was unlawfully and unnecessarily harmed and suffered damages, which are described in further detail below.

## DAMAGES

85. Plaintiff reasserts and incorporates each of the above allegations, as though fully stated herein.

86. As the direct and proximate result of Defendants' actions and/or inactions, Sabrina sustained serious injuries and will continue to suffer damages into the future, including but not limited to:

   a. Physical pain and suffering;

   b. Mental anguish;

   c. Fright and shock;

   d. Denial of social pleasure and enjoyments;

   e. Embarrassment, humiliation, or mortification;

   f. Medical treatment expenses;

   g. Lost wages and/or earning capacity; and

   h. All other damages learned through the course of discovery.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Sabrina Cain respectfully requests that this Honorable Court grant:

   a. Full and fair compensatory damages in an amount to be determined by a jury;

   b. Punitive damages in an amount to be determined by a jury;

c. Reasonable attorney fees and costs of this action;

d. Any other relief that is fair and just.

          Respectfully submitted,

          VEN JOHNSON LAW, PLC

          By: /s/ *Carlye T. Reynolds*
          THOMAS W. WAUN (P34224)
          AYANNA D. HATCHETT (P70055)
          CARLYE T. REYNOLDS (P85970)
          *Attorneys for Plaintiff*
          535 Griswold Street, Suite 2632
          Detroit, Michigan 48226
          (313) 324-8300
Dated: November 20, 2024      creynolds@venjohnsonlaw.com

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable, pursuant to Federal Rule of Civil Procedure 38(b).

        Respectfully submitted,

        VEN JOHNSON LAW, PLC

        By: /s/ *Carlye T. Reynolds*
        THOMAS W. WAUN (P34224)
        AYANNA D. HATCHETT (P70055)
        CARLYE T. REYNOLDS (P85970)
        *Attorneys for Plaintiff*
        535 Griswold Street, Suite 2632
        Detroit, Michigan 48226
        (313) 324-8300
Dated: November 20, 2024        creynolds@venjohnsonlaw.com